UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

     v.                                                  CR NO.  08-mj-161 (JMF)

**BARNARD V. MORGAN,**
**MERIAM A. PARSONS,**

     **Defendants.**

---

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that defendant Barnard V. Morgan ("Morgan") be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention."  18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1.     Morgan was found to be driving a vehicle containing twelve bags of marijuana (weighing a combined 14 grams), twenty-three bags of crack cocaine (weighing a combined 83 grams), $1500 in cash, and a digital scale.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure his appearance as required or the safety of the community, and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

Morgan is charged with possessing a large amount of narcotics with the intent to distribute.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**

Morgan has resided in Washington, D.C. all of his life. No information was provided concerning his family ties, employment, or financial resources.

**The weight of the evidence.**

The weight of the evidence is strong. The narcotics were found in a vehicle driven by Morgan, and marijuana residue was witnessed on his clothes by the arresting officer. Counsel for defendant correctly argued that the car is registered to his co-defendant and much of the contraband was not in plain view. Nevertheless, Morgan was driving the vehicle, and evidence was presented indicating he had his own set of car keys, kept personal items such as mail in the vehicle, and expressed a possessory interest in the vehicle to the arrest officer. These circumstances certainly suffice for a finding that he was in constructive possession of the contraband.

**History relating to drug or alcohol abuse.**

No information was presented concerning drug or alcohol abuse.

**Record concerning appearance at court proceedings and prior criminal record.**

Morgan's prior record is abysmal. He has three prior convictions for possession of narcotics with the intent to distribute, and one prior conviction for distribution of narcotics. He was found guilty of a Bail Act violation in 2004; he had his supervised release revoked in 2002; and had his probation revoked in 2001.

**Whether on probation or parole at the time of the present offense.**

No information was presented.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. He faces significant narcotics charges and has repeatedly demonstrated that he can not be trusted to comply with the law or judicial orders. I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure his appearance or the safety of the community. I will, therefore, order the defendant be detained without bond pending trial.

                                                  /s/
                                      **JOHN M. FACCIOLA**
                                      **UNITED STATES MAGISTRATE JUDGE**

March 10, 2008