UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARNARD V. MORGAN and,<br>MERIAM A. PARSONS,<br><br>Defendants. | Criminal Action No. 08-089 (CKK)<br><br>**FILED**<br>APR 1 7 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER**
(April 17, 2008)

The matter presently before the Court concerns the above-named Defendants' rights to a speedy trial. On April 3, 2008, Defendants were indicted on charges of unlawful possession with intent to distribute 50 grams or more of cocaine base and aiding and abetting the same, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 18 U.S.C. § 2, and unlawful possession with intent to distribute cannabis and aiding and abetting the same, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 841(b)(1)(A)(iii), 18 U.S.C. § 2. Defendants were arraigned before this Court on April 17, 2008. The Court and counsel for the Government and Defendants discussed the issue of compliance with the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161. The Government made an oral motion for a continuance of the Defendants' Speedy Trial Rights until April 30, 2008, in the interests of justice, because (1) the Government had only recently provided Defendants' counsel with complete discovery which counsel would have to review and discuss with their clients, and (2) the Parties required additional time to discuss a possible disposition of the case prior to trial. On behalf of their clients, counsel for Defendant Parsons consented to the continuance, but counsel

for Defendant Morgan did not. For the reasons set forth below, the Court shall grant the Government's oral motion for a continuance of Defendant Parsons' Speedy Trial Rights until April 30, 2008. With respect to Defendant Morgan's Speedy Trial Rights, the Court shall deny the Government's motion without prejudice.

The Speedy Trial Act provides that "the trial of a defendant. . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of

> any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). To decide whether to grant a continuance under § 3161(h)(8)(A) (often called an "ends-of-justice" continuance), the Act further requires the judge to consider, *inter alia*, "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv). Section 3161(h)(8) thus "gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner v. Unites States*, 546 U.S. 489, 126 S. Ct. 1976, 1985 (2006).

Because Defendants were indicted on April 3, 2008, in order for the above-captioned case to proceed to trial within seventy (70) days, the trial would have to commence by June 12, 2008.

*See* 18 U.S.C. § 3161(c)(1) (requiring trial to commence within 70 days). In order for the case to proceed to trial within ninety (90) days, the trial would have to commence by July 2, 2008. *See* 18 U.S.C. § 3164(b) (requiring trial of any detained person who is being detained awaiting trial to commence within 90 days). Based on an evaluation of the factors described in 18 U.S.C. §§ 3161(h)(8)(A), and (B)(iv), the Court finds it is appropriate to grant a continuance of Defendant Parsons' Speedy Trial Rights until April 30, 2008, the date of the next status hearing, to serve the ends of justice.[1]

The Government indicated that it had only recently provided counsel for Defendant Parsons with a complete discovery packet and that counsel would require time to review the discovery and discuss the same with his client. The Government also indicated that it had made a plea offer to Defendant Parsons, and that counsel required additional time to discuss a potential resolution of the case prior to trial. Defendant Parsons consented to the Government's motion and agreed that the additional time was necessary. Given the need to review and discuss this discovery, the Parties' desire to engage in discussions concerning possible disposition prior to trial, and the agreement of the Government and Defendant Parsons, the Court finds that failure to grant a continuance would "unreasonably deny . . . counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv).

The requested continuance as to Defendant Parsons will also serve the ends of justice because "failure to grant such a continuance . . . would unreasonably deny the defendant . . . continuity of counsel." 18 U.S.C.§ 3161(h)(8)(B)(iv). It is apparent that Defendant's counsel

---

[1] The factors described in 18 U.S.C. § 3161(h) apply to both the 70-day and 90-day requirements set forth in 18 U.S.C. § 3161(c)(1) and 3164(b). *See* 18 U.S.C. § 3164(b).

requires additional time to inspect this discovery recently produced by the Government and to engage in additional discussions with the Government concerning his client. Although Defendant possesses the right to a speedy trial, *see* 18 U.S.C. § 3161, the Supreme Court has also made clear that defendants have the right to counsel of their choosing. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006) (holding that the Sixth Amendment grants a criminal defendant the right to "be defended by the counsel he believes to be best"). Under such circumstances, the Court concludes that the ends of justice are served by allowing Defendant to continue with the counsel of his choice. *See, e.g. United States v. Moutry*, 46 F.3d 598, 601 (7th Cir. 1995) (district court properly excluded time under the Act based on continuity of counsel, due in part to prosecutor's trial schedule).

The Court also concludes that the ends of justice served by granting a continuance as to Defendant Parsons outweigh "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. In the instant case, neither the Government nor Defendant Parsons objects to the continuance or suggests that the delay would create any prejudice. For the reasons set forth above, the Court concludes that a continuance as to Defendant Parsons until April 30, 2008, is appropriate pursuant to 18 U.S.C. § 3161(h)(8).

Notwithstanding the foregoing, Defendant Morgan did not consent to the Government's motion. Although Defendant Morgan's counsel recently received complete discovery from the Government which he will need to review and discuss with his client, and although the

Government also indicated that it was willing to discuss a potential disposition short of trial, counsel for Defendant Morgan represented to the Court that his client was asserting his Speedy Trial Act rights and wanted his trial to begin by June 12, 2008. Implicit in this statement is that counsel for Defendant Morgan does not require any additional time for these above-referenced activities to adequately prepare for trial within 70 days. Consequently, there is no basis on the present record to grant Defendant's motion as to Defendant Morgan.

Accordingly, it is, this 17th day of April, 2008, hereby

**ORDERED** that the Government's oral motion for a continuance of the Defendants' Speedy Trial Rights shall be granted in part and denied without prejudice in part; and it is further

**ORDERED** that the Court shall grant a continuance of Defendant Parsons' Speedy Trial Rights until April 30, 2008, resulting in a delay that shall be excluded from computing the time within which trial must start.

**SO ORDERED.**

Date: April 17, 2008

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge