UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARNARD V. MORGAN and,<br>MERIAM A. PARSONS,<br><br>Defendants. | Criminal Action No. 08-089 (CKK)<br><br>**FILED**<br>APR 2 3 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER**
(April 23, 2008)

The matter presently before the Court concerns the above-named Defendants' rights under the Speedy Trial Act, 18 U.S.C. § 3161. Defendants were indicted on April 3, 2008. Defendant Morgan filed a Motion to Dismiss on April 3, 2008, and Defendant Parsons filed a Motion to Dismiss on April 4, 2008. Both Motions argued that the Government failed to indict Defendants within 30 days of their arrest. The Court denied both Motions at a status hearing on April 17, 2008.[1] The Court tentatively held that the period of time between the filing of Defendants' Motions to Dismiss and the Court's resolution of the same would be excluded from the calculation[2] of when Defendants must be brought to trial under the Speedy Trial Act. *See* 18

---

[1] The Court found that Defendants were arrested on March 4, 2008, and were indicted on April 3, 2008, and were therefore indicted within 30 days in compliance with 18 U.S.C. § 3161(b). *See* Minute Order dated April 17, 2008.

[2] Under the Speedy Trial Act, a defendant's trial must commence (with enumerated exceptions) within 70 days from the date of indictment, 18 U.S.C. § 3161(c)(1), and 90 days from the date the person is detained pending trial, *id.* § 3164(b).

1

§ 3161(h)(1)(F) (excluding the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The Court instructed the Parties that if they believed this delay should not be excluded under the Speedy Trial Act, they could file an appropriate motion with the Court. Shortly after the status hearing, the Court also provided the Parties with a case citation, *United States v. Hemphill*, 514 F.3d 1350 (D.C. Cir. 2008), and explained that if any Party disagreed that this case mandated the exclusion of time between Defendants' Motions in this case and the Court's April 17, 2008 resolution of the same, the Party should file an appropriate motion with the Court no later than April 18, 2008. The Court did not receive a filing from any Party in this respect.

The D.C. Circuit's decision in *United States v. Hemphill* explains that the Speedy Trial Act excludes the time resulting "from 'any pretrial motion.'" 514 F.3d at 1357 (quoting 18 U.S.C. § 3161(h)(1)(F). The D.C. Circuit held that "this phrase . . . mean[s] what it says: *any* motion will toll the clock." *Id.* (emphasis in original). Even a defendant's motion to dismiss for a speedy trial act violation will "stop the clock," as will any motion that "may take time to resolve." *Id. See also United States v. Wilson*, 835 F.2d 1440, 1444 (D.C. Cir. 1987) (holding that a motion for dismissal of an indictment based on the Speedy Trial Act will stop the Speedy Trial Act clock). Based on this legal authority, the Court finds that the delay between the filing of Defendants' Motions to Dismiss and the Court's resolution of the same should be excluded from computing the time within which trial must start under the Speedy Trial Act.

Accordingly, it is, this 23rd day of April, 2008, hereby

**ORDERED** that the period of time between the filing of Defendant Morgan's Motion to Dismiss filed April 3, 2008 and Defendant Parsons' Motion to Dismiss filed April 4, 2008, and

2

the Court's resolution of the same on April 17, 2008, shall be excluded from computing the time within which the trial must start.

**SO ORDERED.**

Date: April 23, 2008

                                                     /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge