IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Criminal Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-00089 (CKK) |
| | ) | |
| | ) | |
| BERNARD MORGAN | | |

_____

### DEFENDANT'S REQUEST FOR APPOINTMENT OF NEW COUNSEL AND COUNSEL'S CONCOMITANT MOTION TO WITHDRAW

Defendant Bernard Morgan, through undersigned counsel, respectfully moves this Court to appoint other counsel as he has "no confidence" that undersigned counsel is acting in his interest. At the same time, because undersigned counsel has grave doubts as to whether an effective, working relationship with Mr. Morgan can now be revived, counsel concomitantly moves to withdraw.

In support thereof, counsel states:

At the time of Mr. Morgan's initial appearance in this matter on March 4, 2008, Assistant Federal Public Defender David Bos was appointed to represent him. On April 22, 2008, Mr. Morgan filed *pro se* a motion entitled **Motion to Remove Appointed Counsel And Have New Counsel Appointed**. That Motion was granted and undersigned counsel was appointed on April 30, 2008.

Upon counsel entering his appearance, the Government conveyed a plea offer it had previously proposed to Mr. Bos, a plea fashioned pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure. Counsel and Mr. Morgan had several discussions regarding the proposed plea. Although he was not inclined to accept the offer, at a status hearing held May 15, 2008, Mr. Morgan nevertheless agreed that it might be productive to schedule another status hearing – approximately

two weeks hence – to allow him an opportunity to gauge the impact of the Government's then-proffered 'other crimes' evidence. On June 2, 2008, the Defendant sought and was granted two additional two weeks to that same end. A status hearing is now set for June 19, 2008, to determine Mr. Morgan's decision.[1]

Although rapport existed for a time between Mr. Morgan and counsel, Mr. Morgan has regularly expressed his frustration of late with counsel "not making any progress" in his case. And, during discussions relating the proffered Rule 404(b) evidence, potential pretrial motions, sentencing exposure and his case generally, Mr. Morgan has also repeated of late that he is "just confused about what's going on".

It is noted, on the one hand, that Mr. Morgan faces the prospect of a mandatory life sentence should he be convicted at trial.[2] On the other, the Government's case is a circumstantial one, all the contraband at issue having been seized from locations within the codefendant's car that the Defendant was driving just before the contraband was seized. With the exception of a small amount of marijuana, none of the seized contraband – to include the marijuana, 70 grams of crack cocaine and a scale – was in plain view. The codefendant, Miriam Parsons – who is without prior record – is Mr. Morgan's girlfriend.

When counsel and Mr. Morgan met on the evening of June 12, 2008, either Mr. Morgan was especially contentious or counsel was just too tired, or both. After an hour of attempting to have a constructive conversation, during which Mr. Morgan repeatedly accused counsel of both doing nothing and not bringing him anything "positive", counsel became exasperated. After one final,

---

[1] Dates for filing pretrial motions have already been set should the Defendant decline the Government's proposed plea agreement.

[2] Mr. Morgan has been convicted of a felony drug offense on four(4) prior occasions in the Superior Court for the District of Columbia.

unpleasant exchange, counsel advised Mr. Morgan that he would file a motion to withdraw. Four days later, counsel went again to meet with Mr. Morgan to see about talking through Mr. Morgan's issues and going forward without being at loggerheads. Mr. Morgan advised that he had "no confidence" in counsel. Mr. Morgan also advised that he would need time "to get acquainted with another lawyer" before deciding finally on whether to proceed to trial.

On June 16, 2008. Assistant United States Attorney Opher Shweiki and Mitchell Baer, Esquire, were advised generally of the above-noted.

WHEREFORE, for the above-noted reasons, Mr. Morgan moves this Court to appoint new counsel. And, because counsel has grave doubts that an effective, working relationship with Mr. Morgan can now be revived, counsel concomitantly moves to withdraw.

Respectfully submitted,

 //s//
JOSEPH BESHOURI
419 - 7th Street, N.W., Suite 405
Washington, D.C. 20004
(202) 842-0420
jbeshouri@aol.com

Counsel for Bernard Morgan

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                ) | Criminal No. 08-00089 (CKK) |
| ) | |
| ) | |
| BERNARD MORGAN | |
| _____ | |

## **ORDER**

Having reviewed the **Defendant's Request for Appointment of New Counsel and Counsel's Concomitant Motion to Withdraw** ("Motion") it is this _____ day of

_____ , 2008, hereby

**ORDERED,** that the Motion is **GRANTED**.

_____
JUDGE COLLEEN KOLLAR-KOTELLY
United States District Judge


Date:_____